

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DARWIN DEAN THRAMS,<br><br>Defendant. | CR 16-111-BLG-SPW<br><br><br><br>ORDER |

Before the Court is Defendant Darwin Dean Thrams' Motion in Limiting (sic) (Doc. 13), in which Thrams asks the Court to exclude the "introduction and discussion" of his computer as irrelevant. (*See gen. id.*). The government argues that the motion is premature and asks the court to reserve its judgment. (Doc. 15).

In his motion, Thrams explains that his computer and external hard drive were stolen from his storage trailer and pawned at First National Pawn in Miles City, Montana. (Doc. 14 at 1). Employees at First National Pawn viewed materials on the computer and external hard drive and discovered child pornography on the external hard drive. (*Id.* at 2). Law enforcement subsequently found child pornography on the computer, but Thrams argues that the child

1

pornography was only contained in thumbnails on the computer and were dated after the computer had been pawned. (*Id.* at 2). He asserts that "it appears" that the computer was hooked to the external hard drive when the First National Pawn employees used the computer to view the pornography on the hard drive. (*Id.*). Based on this information, Thrams concludes that there is no evidence that Thrams used the computer to view child pornography nor is there evidence that he used the computer with the external hard drive before it was pawned. (*Id.*).

The government argues that Thrams' motion should be denied because of its breadth and lack of clarity. Specifically, the government asserts that excluding any "discussion" of Thrams' computer would broadly preclude any questioning about how images on Thrams' external hard drive were viewed, which are questions central to the case. (Doc. 15 at 3). Further, the government argues that it is unclear which computer is the subject of Thrams' motion. (*Id.*). The government agrees that the computer seized directly from Thrams' residence did not contain any child pornography, but Thrams' motion discusses a computer seized from his storage shed. (*Id.* at 4). Apparently a third computer used by employees at First National Pawn to view Thrams' hard drive is also involved. (*Id.*).

At this point, the court agrees with the government that Thrams has not provided sufficient clear evidence as to which computers are relevant and which are not. Without such evidence, this court does not have enough information to

2

fully consider and grant the motion in limine. Accordingly, the Motion (Doc. 13) is DENIED with leave to refile at a later date.

DATED this 13th day of March, 2017.

Susan P. Watters
SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE